[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13420
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-00527-CAP-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARFIELD NORRIS ROYES,
a.k.a. Garfield Royce,
a.k.a. Dwayne N. Royce,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 29, 2016)

Before ED CARNES, Chief Judge, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Garfield Royes regularly failed to comply with the terms of his supervised release from prison, particularly the curfew condition. The government responded by moving for a court order revoking the supervised release and replacing it with a prison sentence. The district court granted the motion, sentencing Royes to 366 days in prison. Royes appeals that sentence, contending that it was imposed in violation of his rights to procedural and substantive due process. For the reasons set forth below, we disagree.

In revoking a defendant's term of supervised release and sentencing the defendant, a district court should consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public; (4) the kinds of sentences available and the guidelines range; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims. See 18 U.S.C. §§ 3583(e) & 3553(a). A sentence is substantively unreasonable if it "fails to achieve the purposes of sentencing stated in 18 U.S.C. § 3553(a)," United States v. Dean, 635 F.3d 1200, 1209 (11th Cir. 2011), or if the district court has balanced the § 3553(a) factors unreasonably or placed unreasonable weight on a single factor, United States v. Irey, 612 F.3d 1160, 1192–93 (11th Cir. 2010) (en banc). At the same time, nothing "requires the district court to state on the record that it has explicitly considered each of the

§ 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). It is enough that the whole record shows that the district court did, in fact, consider the § 3553(a) factors. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).

Royes has failed to meet his burden of showing that his sentence is substantively unreasonable. In imposing the sentence, the district court mentioned many of the § 3553(a) factors that it had considered. The court discussed the circumstances of the offense and Royes' history and characteristics, recognizing that he had "been given all the chances" to make supervised release work and that many of his violations were for being "more than just a few minutes" tardy for curfew. It also based its sentence on reasons having to do with deterrence and respect for the law, explaining that Royes' inability to "make supervised release" left it with no viable option apart from a term of imprisonment. Finally, the district court noted that it had only two options as far as sentencing — "incarceration or supervised release" — and considered the applicable guidelines range of 7–13 months' imprisonment. That is sufficient to show that the district court did, in fact, consider and reasonably apply the § 3553(a) factors.

Royes' principal argument about substantive unreasonableness is that the district court gave too much weight to his failure to comply with the terms of his supervised release, and too little weight to his success in finding employment. In

particular, he argues that the district court did not sufficiently appreciate that his failures to comply with the terms of his supervised release were, in many instances, the products of his work schedule.  We review a district court's weighing of the sentencing factors only for abuse of discretion, Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007), and we find none here.  Although Royes' professed determination to comply with his employer's demands is laudable, the district court was entitled to conclude that it was outweighed by his persistent failure to comply with the terms of his supervised release.  That is particularly true because the terms of Royes' supervised release were set to accommodate his commute and work schedule, and also because the record shows that Royes' probation officer would have amended Royes' schedule to provide additional accommodation had he been provided with a letter from Royes' employer.  Under the circumstances, we cannot say the district court abused its discretion in finding that Royes' work schedule did not offset his failure to comply with the terms of his supervised release.

**AFFIRMED.**